IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INSURANCE INVESTMENT COMPANY, a Utah corporation,<br><br>   Petitioner,<br><br>v.<br><br>CHRISTINE BRYNER, an individual, DIANNE PRINCE, an individual, and ARLENE CARLE, an individual,<br><br>   Respondents. | **MEMORANDUM DECISION AND ORDER** |
| CHRISTINE BRYNER, an individual, DIANNE PRINCE, an individual, and ARLENE CARLE, an individual,<br><br>   Counterclaimants/ Third Party Plaintiffs,<br><br>v.<br><br>INSURANCE INVESTMENT COMPANY, a Utah corporation,<br>   Counterclaim Defendant,<br><br>E. ROD ROSS, an individual and JOHN AND JANE DOES 1 THROUGH XX, unknown persons,<br>   Third-Party Defendants. | Case No. 2:17-cv-1258-DB<br><br>District Judge Dee Benson |

  Before the court are two motions to dismiss counterclaims: one filed by Insurance Investment Company (Dkt. No. 10) and the other filed by E. Rod Ross. (Dkt. No. 29.) The Motions have been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the

basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Background

Christine Bryner has owned Preferred Stock in Insurance Investment Company ("IIC") since 1969. (Counterclaim at ¶ 21.) In 1996, Ms. Bryner transferred two thirds of her stock in equal shares to her two daughters, Dianne Price and Arlene Carle. (*Id.* at ¶ 22.) At all relevant times, IIC was a closely held corporation. (*Id.* at ¶ 99.) The majority of the shares were held and controlled by third-party defendant E. Rod Ross and his family. (*Id.*) Mr. Ross was also the President of IIC. (*Id*. at ¶ 15.)

The primary asset of IIC was the stock it owned in its subsidiary company Equitable Life & Casualty Insurance Company ("ELC"). (*Id.* at ¶ 14.) Prior to March of 2017, Ms. Bryner and her daughters (collectively, "Counterclaimants") owned common stock in ELC, in addition to their Preferred Stock in IIC. (*Id.* at ¶¶ 41-42.)

The Articles of Incorporation for IIC provided that Preferred Stock had a six percent per share dividend preference and a right to share in the equity of the company upon any liquidation, dissolution, or winding up of the company. (*Id.* at ¶¶ 17, 18.) At the time Counterclaimants first acquired their shares of Preferred Stock, the IIC Articles of Incorporation stated that the corporation's duration would be 99 years (which would end in December 2035). (*Id.* at ¶¶ 32-33.) In 2014, IIC amended its Articles of Incorporation, without Counterclaimants' consent, to change the corporation's duration to perpetual existence. (*Id.*)

When Counterclaimants first acquired the Preferred Stock, IIC acknowledged the equity rights associated with the Preferred Stock. In 1997, the company went silent on the issue. (*Id.* at

2

¶¶ 26-27.) IIC tried to buy out Counterclaimants several times. Counterclaimants rejected the offers because they believed the offers did not adequately represent the equity value associated with the shares. (*Id.* at ¶¶ 27-31.)

In March of 2017, ELC effectuated a reverse stock split, without Counterclaimants' consent, reducing the number of outstanding shares from 399,069.22 to 20. (*Id.* at ¶ 42.) The reverse stock split eliminated all fractional shares, which forced a cash payout to Counterclaimants and terminated their ownership in ELC. (*Id.* at ¶¶ 41-49.)

In April of 2017, without Counterclaimants' consent, IIC was sold through a merger transaction. (*Id.* at ¶¶ 50-51.) A third party buyer created a new entity—Equitable Family Insurance Group, Inc. ("EFIG")—to merge into IIC, which effectuated a purchase of 90% of the Ross family's ownership in IIC. (*Id.* at ¶¶ 52-53.) By structuring the transaction as a merger in which IIC was the remaining entity, IIC avoided paying out the equity rights associated with the Preferred Stock. (*Id.* at ¶ 54.) As part of the transaction, the surviving corporation's name was changed to Equitable Family Insurance Group, Inc. (*Id.* at ¶ 56.) Mr. Ross retained a 10% ownership in the surviving corporation, and the remainder of his and his family's shares were cashed out in the transaction. (*Id.* at ¶¶ 57-59.)

On May 3, 2017, Counterclaimants were informed that their stock had been cancelled as a result of the merger. They were told that they would be paid $75 per share for their holdings and were informed of their right to dissent under Utah law. (*Id.* at ¶¶ 61-64.) Counterclaimants believe that their shares were worth $4455.27 per share at the time of the merger. (*Id.* at ¶ 86.) In May 2017, Counterclaimants exercised their dissenter's rights and rejected the $75 per share

3

offer. In July 2017, IIC sent a letter to Counterclaimants, stating that the fair market value of the shares was $0.31 per share. (*Id.* at ¶¶ 65-66.)

IIC initiated this suit in state court to determine the fair market value of the shares, pursuant to the dissenter's rights provisions in the Utah State Code. (Dkt. No. 2.) Counterclaimants removed the case and made counterclaims for a fair valuation, judicial declaration of dissolution of IIC, breach of the implied covenant of good faith and fair dealing, and unjust enrichment/ quantum meruit against IIC, as well as breach of fiduciary duty and unjust enrichment/ quantum meruit claims against Mr. Ross.

IIC now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Third Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing), Fourth Cause of Action (Unjust Enrichment/Quantum Meruit), and Fifth Cause of Action (Judicial Declaration) of the Counterclaim. (Dkt. No. 10.) Mr. Ross similarly seeks dismissal of the Counterclaim against him. (Dkt. No. 29.)

Discussion

Rule 12(b)(6) allows a party to move for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed when plaintiffs fail to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009).

Here, Counterclaimants have alleged sufficient facts to state a plausible claim as to each of their causes of action. Counterclaimants allege that they reasonably expected their equity interests to be realized upon dissolution of the company, that the company was effectively dissolved, but that it was intentionally structured in a way to avoid that payout and deprive them of their contractual rights. Under Utah law, "shareholders in close corporations stand in fiduciary positions to one another and are required to act with the utmost good faith." *McLaughlin v. Schenk*, 2009 UT 64, ¶ 42, 220 P.3d 146, 161. This duty may be breached where "majority shareholders frustrat[e] minority shareholders' reasonable expectation of benefit from their ownership of shares." *Id.* at 156. Under the *Iqbal*/ *Twombly* plausible pleading standard, Plaintiffs have alleged sufficient facts to establish their counterclaims.

Even assuming the heightened pleading standards of Fed. R. Civ. P. 9(b) apply to Counterclaimants' breach of fiduciary claim, Counterclaimants have provided sufficient details to allege a plausible claim for relief as to that claim as well. Counterclaimants allege that Mr. Ross, as president of IIC, manipulated the business dealings of IIC to benefit himself and his family, the majority shareholders, and to deprive Counterclaimants of their rights as minority shareholders. Those allegations are sufficient to survive a motion to dismiss even under Rule 9.

## Conclusion

For the foregoing reasons, the Motions to Dismiss Counterclaims (Dkt. Nos. 10 and 29) are hereby DENIED.

DATED this 19th day of July, 2018.

BY THE COURT:

Dee Benson
United States District Judge